515 P.2d 614

**INTERMOUNTAIN FARMERS ASSOCIA-TION, a Utah corporation, Plaintiff and Respondent,**

v.

**Max J. PEART and Ruth H. Peart, his wife, Defendants and Appellants.**

No. 13281.

Supreme Court of Utah.

Oct. 31, 1973.

5. State v. Miller, 111 Utah 255, 177 P.2d 727.

William H. Henderson, Dal H. Cutler, Salt Lake City, for defendants and appellants.

DeLyle H. Condie, Greene & Nebeker, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendants appeal from a judgment in favor of the plaintiff and an adverse decision on their counterclaim.

In March, 1969, the plaintiff was the owner of a tract of land consisting of five acres on which there were situated two homes near Payson, Utah. At the time of the acquisition of the property by the plaintiff there was an outstanding real estate contract which named William Wendell Temple and Frances May Temple, his wife, as vendees. The contract covered one home and three acres of the five-acre tract. The Temples occupied the property covered by the contract. After some negotiation the plaintiff sold to the defendants the remaining two acres. Through a mistake of its scrivener the warranty deed executed by the plaintiff to the defendants described the entire five acres. When the mistake was discovered, plaintiff requested the defendants to reconvey the excess acreage. The defendants refused to reconvey, and the plaintiff instituted these proceedings to reform the deed.

The defendants denied the allegations of the plaintiff's complaint and in addition thereto filed a counterclaim which alleges that the plaintiff made false representations in inducing the sale of the property. The misrepresentations claimed by the defendants are that there was adequate drainage of underground water and that the dwelling was equipped with air conditioning. Defendants do not seek to have the conveyance set aside but they do seek to recover money damages. After the defendants moved into the home and while they were absent for several days water seeped into the basement. A number of items of personal property stored in the basement were damaged by the water.

The claim of the defendants respecting the plaintiff's misrepresentation as to air conditioning was based upon the fact that a listing card on file with the real estate broker contained the words "air conditioning" and an "X" placed in the blank after those words. The evidence does not reveal as to who made the entry and there is no evidence which would tend to connect that representation to the plaintiff.

A tenant who occupied the dwelling prior to and after the sale to the defendants had prior to the sale informed the de-

fendants as to the problem of water seeping into the basement. Prior to the consummation of the sale the defendants had inspected the property at least three times, and on the occasion of one visit the tenant had shown the defendants an accumulation of water in the basement which was several inches deep.

On appeal it is the defendants' contention that a mutual mistake had not been shown by the evidence and that the lower court erred in modifying the deed. It should be noted that the plaintiff intended to convey two acres and the defendants did not expect to receive more than the two acres. It thus appears that there was a mutual mistake in the conveyance which described five acres. It is quite clear from the evidence that the defendants knew prior to the conveyance that there was a problem of water seepage in the basement and they cannot now claim that they were deceived. As to the air conditioning or the absence thereof, defendants have failed to prove any misrepresentation on the part of the plaintiff and in any event their inspections of the premises should have revealed the absence of air conditioning equipment.

The trial court having found the issues in favor of the plaintiff on its request to have the deed reformed and against the defendants on their counterclaim, and the findings of the court being supported by the evidence, we find no basis to interfere with the findings or the judgment entered by the court below.

The judgment is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.